## LEWIS JONES *vs.* COMMONWEALTH.

The keeper, although not the owner, of a dog not registered, numbered, described and licensed, as required by *St.* 1859, *c.* 225, § 1, is liable to the penalty imposed by § 9 of that statute.

WRIT OF ERROR to reverse the judgment of a justice of the peace in Middlesex against the plaintiff in error upon a complaint which alleged that he on the 27th of August 1859 at Wayland " did keep a dog, which said dog was not then registered, numbered, described and licensed, according to the provisions of " the *St.* of 1859, *c.* 225. The only error assigned, which was argued, was that the complaint did not allege that the plaintiff in error was the owner of the dog alleged to have been unlawfully kept.

*F. F. Heard,* for the plaintiff in error.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

METCALF, J. The first section of *St.* 1859, *c.* 225, requires every owner of a dog, on or before the thirtieth day of April in each year, to cause it to be registered, numbered, described and licensed, in the office of the clerk of the town wherein he resides. By § 9, " whoever keeps a dog not registered, numbered, described and licensed," as required by § 1, " shall forfeit the sum of ten dollars, to be recovered by complaint, to the use of the town wherein the dog is kept." The plaintiff in error, having been convicted on a complaint for keeping a dog not registered, &c., and having had judgment passed upon him for that offence, now seeks to reverse the judgment, for the reason that the complaint does not allege that he was the owner of the dog so kept. The position taken by him is, that, as the owner only is required to cause the registering, &c., of a dog, the owner only is made liable to a penalty for keeping a dog not registered, &c. We do not so construe the statute. If it were meant by the legislature that the penalty should be imposed on the owner only, we cannot suppose that it would have been in terms imposed on the keeper, who may not be the owner. A distinction between the owner and the keeper is also found in § 7, which

provides that when town officers have drawn an order on the town treasurer, as directed by § 6, to pay the owner of sheep or lambs for the worrying, maiming or killing thereof by dogs, the town " may recover against the keeper or owner of any dog or dogs concerned in doing the damage the full amount of the damage done, in an action of tort." And by § 14, any city or town is authorized to make by-laws relating to " dogs owned or kept in such city or town."

If the provision of the statute had been that whoever keeps a dog not collared as directed by § 2 shall forfeit ten dollars, no one would suppose that the provision was intended to apply to the owner only. It may be thought that the provision would be more reasonable than that in § 9, which is now in question, inasmuch as a keeper of a dog must know whether it is or is not collared, but may not know, nor have the means of knowing, whether it is registered, numbered and licensed, as the statute requires. This, however, is not for the consideration of the court.                         *Judgment affirmed.*